**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
pelton@peltonlaw.com
Taylor B. Graham (TG 9607)
graham@peltonlaw.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltonlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHERAZ KHALID, Individually and on Behalf of All Others Similarly Situated,** <br><br> **Plaintiff,** <br><br> -against- <br><br> **DJ SHIRLEY 1 INC. d/b/a DUNKIN' DONUTS, SANJAY JAIN, NEERJA JAIN, and JOHN DOE CORPS. #1-15, Jointly and Severally,** <br><br> **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Sheraz Khalid ("Khalid" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief and the investigation of his counsel as to other matters, alleges as follows:

### INTRODUCTION

1.      Plaintiff worked as a counter employee and shift leader for Defendants' franchise of Dunkin' Donuts located in Shirley, Suffolk County, New York. While working for Defendants, Plaintiff was required to work well in excess of forty (40) hours each week and was

paid at straight-time rates for all hours worked, including overtime hours, pursuant to Defendants' unlawful corporate pay scheme. As such, Plaintiff was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 ("Rule 23") class for all hourly employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7.      Plaintiff Khalid has been, at all relevant times, an adult individual residing in Suffolk County, New York.

8.      Throughout the relevant time period, Plaintiff performed work for Defendants at their Dunkin' Donuts restaurant located at 545 William Floyd Parkway, Shirley, NY 11967.

9.      Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

10.      Upon information and belief, DJ SHIRLEY 1 INC. ("DJ SHIRLEY 1") was, at all relevant times, an active New York Corporation doing business as "Dunkin' Donuts," with its principal place of business in Shirley, Suffolk County, New York.

11.      Upon information and belief, JOHN DOE CORPS. #1-15 represent other corporate entities that operate the other Dunkin' Donut locations owned by the Individual Defendants. DJ SHIRLEY 1 and JOHN DOE CORPS. #1-10 are hereinafter referred to as the "DJ Dunkin' Donuts Enterprise" or the "Corporate Defendants."

12.      Upon information and belief, the DJ Dunkin' Donuts Enterprise consists of approximately 15 Dunkin' Donuts and combination Dunkin' Donuts/Baskin Robbins/Nathan's store locations throughout Suffolk, Nassau and Queens Counties.

13.      At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies.

14.      The Corporate Defendants' operations are interrelated and unified.

15.      Upon information and belief, Defendants Sanjay Jain ("S. Jain") and Neerja Jain

("N. Jain" and together with S. Jain, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants") are each an owner and operator of the Corporate Defendants.

16.     According to corporate filings with the New York State Department of State Division of Corporations, Defendant S. Jain is listed as DJ SHIRLEY 1's chief executive officer and Defendant N. Jain is listed as the contact person for the DOS Process and for the principal executive office.

17.     Upon information and belief, the Individual Defendants set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

18.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

19.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

20.     At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

21.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

22.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since October 14, 2012, and through the entry of judgment in this case (the "Collective Action Period") who worked as hourly employees (the "Collective Action Members").

23.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

24.     Plaintiff and the Collective Action Members have substantially similar job duties, and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ALLEGATIONS

25.     Pursuant to the NYLL, Plaintiff brings his Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants in New York at any time since October 14, 2009, and through the entry of judgment in this case (the "Class Period") who worked as hourly employees (the "Class Members").

26.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

27.     <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

28.     Upon information and belief, there are in excess of forty (40) Class Members.

29.     <u>Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.</u> Such common questions will determine Defendants' liability to all (or nearly all) Class Members. Common questions include:

a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

d.   whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

e.   whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

f.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

30.     The answer to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class

Members for their NYLL wage and hour violations.

31.     Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was cleaning, disinfecting, stocking, and delivery employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

32.     Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

33.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Business Enterprise**

35.     At all relevant times, Defendants have been in the fast-food franchise restaurant business.

36.     Upon information and belief, the Individual Defendants are the sole owners and operators of all the franchise restaurant locations in the DJ Dunkin' Donuts Enterprise.

37.     Upon information and belief, Defendants maintain a corporate headquarters at their Dunkin' Donuts location at 440 William Floyd Parkway, Shirley, NY 11967, whereby they handle the payroll processing and operations for all of the Corporate Defendants' restaurant locations.

38.     In addition to DJ SHIRLEY 1, Defendants own the following corporate entities through which they operate the other restaurant locations in the DJ Dunkin' Donuts Enterprise:

DJ SHIRLEY 1 NATHANS INC.
DJ SHIRLEY 2 INC.
DJ RIVERHEAD INC.
DJ RIVERHEAD 2 INC.
DJ RIVERHEAD 3 INC.
DJ JAMESPORT INC.
DJ HOLBROOK INC.
DJ HAMPTON BAYS INC.
DJ BRIDGEHAMPTON INCORPORATED
DJ EASTPORT INC.
DJ SOUTHHAMPTON INC.
DJ SOUTHHOLD INC.
DJ WESTHAMPTON INC.

39.     Upon information and belief, all of the corporate filings for the corporate entities listed in paragraph 38 list 440 William Floyd Parkway, Shirley, NY 11967 as their principal executive office and either Defendant S. Jain or N. Jain as their chief executive officer.

**Plaintiff's Work for Defendants**

40.    Plaintiff Khalid was employed by Defendants as a counter worker and shift leader from in or around December 2013 through on or about September 20, 2015 (the "Khalid Employment Period").

41.    From the beginning of the Khalid Employment Period until in or around June 2014, Khalid worked for Defendants on a part-time basis as a counter worker. During this time period, Khalid worked 5 days per week, from 4:00 pm to 10:00 pm, for a total of approximately 30 hours per week.

42.    From in or around June 2014 through the end of the Khalid Employment Period, Khalid worked on a full-time basis of approximately sixty (60) hours per week. Specifically, Khalid was scheduled to work six (6) days per week, and sometimes seven (7) days per week, from 2:00 pm to 12:00 am, and sometimes later.

43.    For his work, throughout the Khalid Employment Period, Khalid was paid on an hourly basis. Khalid was initially paid $8.50 per hour while working part-time. When he began working full-time he received $10.50 per hour, which was subsequently raised in or around December 2014 to $11.00 per hour, and then finally to $12.00 per hour in or around April 2015.

44.    Throughout the Khalid Employment Period, Plaintiff Khalid was always paid with a check on a bi-weekly basis, which was delivered to the store every other Friday. Although it appeared on the paycheck that Plaintiff was receiving overtime premium pay at one and one-half (1.5) times his regular hourly rate for hours worked over forty (40) each week, there were always a significant number of hours "missing" from his payment each pay period such that Plaintiff did not receive overtime premium pay for his hours worked over forty (40) each week. Upon information and belief, Defendants deliberately decreased the number of hours on

Plaintiff's pay stubs such that the gross amount resulted in straight time pay for all hours that he worked.

45.     On one occasion, Plaintiff complained to the manager, Zia Ghouri, that he was not being paid for all hours that he was working and Zia explained that the company rule was that they paid straight-time rates for all hours worked and, to determine the number of hours he was paid for during the pay period, he should divide the gross wages paid by his regular hourly rate.

46.     Although Khalid received a paystub with his paycheck each pay period, his paystub did not reflect the correct number of hours that he worked each pay period.

47.     Although Plaintiff Khalid typically worked well in excess of forty (40) hours per week as a shift leader employee, he never received overtime premium pay for the hours he works in excess of forty (40) hours in a given workweek.

48.     While working as a shift leader, other employees of Defendants would ask Plaintiff why they were not being paid for all hours worked. Plaintiff has therefore spoken with other hourly employees of Defendants, who were similarly required to work in excess of forty (40) hours per week during the Class Period and similarly did not receive overtime premium pay for hours worked over forty (40) per workweek.  Defendants' failure to pay Plaintiff and Class Members overtime premium pay was a corporate policy of Defendants, which applied to all of their employees during the relevant period.

49.     Despite the fact that Khalid typically worked shifts of 10 or more hours per day, he was not paid spread of hours premium pay equal to an hour of minimum wage for each day that he worked such shifts.

50.     At no point during Khalid's employment did he receive a wage notice showing his hourly or overtime rate at the date of his hiring or by February 1 of each year.

**Defendants' Unlawful Corporate Policies**

51.     Plaintiff has spoken with other employees of Defendants, who similarly worked in excess of forty (40) hours per week during the Class Period and were similarly straight time rates for hours worked over forty (40). Defendants' failure to pay Plaintiff and Class Members overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

52.     Plaintiff has spoken with other employees of Defendants, who similarly worked shifts in excess of 10 hours in a day and were similarly not paid spread-of-hours premiums for such days. Defendants' failure to pay Plaintiff and Class Members spread-of-hours premiums was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

53.     Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including paying all hours at straight-time rates and failing to pay spread-of-hours premiums.

54.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees. Defendants failed to provide employees with wage notice upon their hiring and/or on February 1 of each year and with accurate wage statements as required by NYLL § 195.

55.     Plaintiff has spoken with other employees of Defendants who worked in various locations of the DJ Dunkin' Donuts Enterprise and who were paid pursuant to the same unlawful corporate policies and practices complained of herein.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

56.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**

60.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of

pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

62.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**

62.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63.     63.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

64.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE

65.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT

68.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

70.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of compensatory damages as a result of Defendants' failure to pay spread-of-hours premiums pursuant to the NYLL and supporting regulations;

h.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

i.      Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.      One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
October 14, 2015

PELTON & ASSOCIATES PC

By: _____

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, the putative collective
and class*

September 24, 2015

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Dunkin Donuts and/or its respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton & Associates PC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

| | | |
|---|---|---|
| Signature | 09/25/15 | Sheraz Khalid |
| | Date | Printed Name |