UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
SHERAZ KHALID, SURESH PATEL and　　　　　Docket No. 15-cv-5926
MOHAMMED SALEH, Individually and on　　　　(LDW)(GRB)
Behalf of All Others Similarly Situated,

　　　　　　　　　　　　　　　　　　　　　　　**ANSWER TO AMENDED**
　　　　　　　　　　Plaintiffs,　　　　　　　　**COMPLAINT**

　　　　-against-

DJ SHIRLEY 1 INC. d/b/a DUNKIN'
DONUTS, DJ HOLBROOK INC. d/b/a
DUNKIN'DONUTS, DJ SOUTHHOLD, INC.
d/b/a DUNKIN' DONUTS, SANJAY JAIN,
NEERJA JAIN, and JOHN DOE CORPS. #1-13,
Jointly and Severally,

　　　　　　　　　　Defendants.
----------------------------------------------------------------- X

　　Defendants DJ SHIRLEY 1 INC. ("DJS1") d/b/a DUNKIN' DONUTS, DJ HOLBROOK, INC. ("DJH") d/b/a DUNKIN' DONUTS, DJ SOUTHOLD, INC.[1] ("DJSH") d/b/a DUNKIN' DONUTS, SANJAY JAIN and NEERJA JAIN (collectively, "the Defendants"), by their attorneys, LAMB & BARNOSKY, LLP, as and for their Answer to the Amended Complaint, allege as follows:

　　1.　　Deny the truth of the allegations set forth in paragraph 1 of the Amended Complaint, except admit that Plaintiff Khalid was previously employed by Defendant DJS1 and that Plaintiff Saleh was previously employed by Defendants DJS1 and DJSH.

　　2.　　Deny the truth of the allegations set forth in paragraph 2 of the Amended Complaint, except admit that the Amended Complaint alleges what it alleges.

　　3.　　Deny the truth of the allegations set forth in paragraph 3 of the Amended Complaint, except admit that the Amended Complaint alleges what it alleges.

---

[1] DJ Southold, Inc. is improperly captioned as "DJ Southhold, Inc."

1

4. Deny the truth of the allegations set forth in paragraph 4 of the Amended Complaint, except admit that the Amended Complaint alleges what it alleges.

5. The allegations set forth in paragraph 5 of the Amended Complaint constitute legal conclusions as to which no response is required or given. To the extent, however, that a response is required, the allegations set forth in paragraph 5 of the Amended Complaint are denied.

6. The allegations set forth in paragraph 6 of the Amended Complaint constitute legal conclusions as to which no response is required or given. To the extent, however, that a response is required, the allegations set forth in paragraph 6 of the Amended Complaint are admitted.

7. The allegations set forth in paragraph 7 of the Amended Complaint constitute legal conclusions as to which no response is required or given. To the extent, however, that a response is required, the allegations set forth in paragraph 7 of the Amended Complaint are admitted.

8. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10. Deny have knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11. Deny the truth of the allegations set forth in paragraph 11 of the Amended Complaint, except admit that, during the relevant time period, Plaintiff Khalid was employed by DJS1.

12. Admit the truth of the allegations set forth in paragraph 12 of the Amended Complaint as to DJS1 and DJSH and deny the truth of the allegations set forth in paragraph 12 of the Amended Complaint as to the remaining defendants.

13. Deny the truth of the allegations set forth in paragraph 13 of the Amended Complaint, except admit that the Amended Complaint alleges what it alleges.

14. Admit the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15. Admit the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16. Admit the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17. Deny the truth of the allegations set forth in paragraph 17 of the Amended Complaint, except admit that the individual defendants own additional businesses that operate separate Dunkin' Donuts franchise locations.

18. Paragraph 18 of the Amended Complaint does not contain any substantive allegations or assertions to which a response is required or given. To the extent, however, that a response is required, the allegations set forth in paragraph 18 of the Amended Complaint are denied.

19. Deny the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20. Deny the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

21. Deny the truth of the allegations set forth in paragraph 21 of the Amended

Complaint.

22. Deny the truth of the allegations set forth in paragraph 22 of the Amended Complaint, except admit that the individual defendants own several businesses that operate separate Dunkin' Donuts franchise locations.

23. Deny the truth of the allegations set forth in paragraph 23 of the Amended Complaint and respectfully refer the Court to the "corporate filings" referred to therein for their full contents and import.

24. Deny the truth of the allegations set forth in paragraph 24 of the Amended Complaint and respectfully refer the Court to the "corporate filings" referred to therein for their full contents and import.

25. Deny the truth of the allegations set forth in paragraph 25 of the Amended Complaint and respectfully refer the Court to the "corporate filings" referred to therein for their full contents and import.

26. Deny the truth of the allegations set forth in paragraph 26 of the Amended Complaint, except admit that the individual defendants set certain policies and procedures for DJS1, DJH and DJSH.

27. Deny the truth of the allegations set forth in paragraph 27 of the Amended Complaint, except admit that the individual defendants participated in the day-to-day operations of DJS1, DJH and DJSH.

28. The allegations set forth in paragraph 28 of the Amended Complaint constitute legal conclusions as to which no response is required or given. To the extent, however, that a response is required, the allegations set forth in paragraph 28 of the Amended Complaint are admitted as to DJS1, DJH and DJSH and denied as to the individual defendants.

29. Deny the truth of the allegations set forth in paragraph 29 of the Amended Complaint, except admit that Plaintiff Khalid was employed for a period of time by DJS1 and that Plaintiff Saleh was employed for a period of time by DJS1 and DJSH.

30. Admit the truth of the allegations set forth in paragraph 30 of the Amended Complaint as to DJS1, DJH and DJSH.

31. Deny the truth of the allegations set forth in paragraph 31 of the Amended Complaint, except admit that the Amended Complaint alleges what it alleges.

32. Deny the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33. Deny the truth of the allegations set forth in paragraph 33 of the Amended Complaint.

34. Deny the truth of the allegations set forth in paragraph 34 of the Amended Complaint, except admit that the Amended Complaint alleges what it alleges.

35. Deny the allegations set forth in the first three sentences of paragraph 35 of the Amended Complaint, except admit that DJS1, DJH and DJSH each maintain records identifying their employees, which include the name and last known mailing addresses of those employees. The allegations set forth in the fourth sentence of paragraph 35 of the Amended Complaint constitute legal conclusions as to which no response is required or given. To the extent a response is required, however, the allegations set forth in the fourth sentence of paragraph 35 of the Amended Complaint are denied.

36. Deny the truth of the allegations set forth in paragraph 36 of the Amended Complaint.

37. Deny the truth of the allegations set forth in paragraph 37 of the Amended

Complaint.

38. Deny the truth of the allegations set forth in paragraph 38 of the Amended Complaint.

39. Deny the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40. Deny the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 41 of the Amended Complaint that allege that there are no conflicts of interest between Plaintiffs and the purported class members. Deny the truth of the balance of the allegations set forth in paragraph 41 of the Amended Complaint.

42. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. Deny the truth of the allegations set forth in paragraph 43 of the Amended Complaint.

44. Admit the truth of the allegations set forth in paragraph 44 of the Amended Complaint as to Defendants DJS1, DJH and DJSH and deny as to the individual defendants.

45. Deny the truth of the allegations set forth in paragraph 45 of the Amended Complaint, except admit that the individual defendants are the owners of DJS1, DJH and DJSH.

46. Deny the truth of the allegations set forth in paragraph 46 of the Amended Complaint, except admit that the individual defendants maintain an office at 440 William Floyd Parkway, Shirley, New York 11967.

47. Deny the truth of the allegations set forth in paragraph 47 of the Amended

Complaint, except admit that the individual defendants are the owners of the businesses listed therein.

48. Deny the truth of the allegations set forth in paragraph 48 of the Amended Complaint and respectfully refer the Court to the "corporate filings" referred to therein for their full contents and import.

49. Deny the truth of the allegations set forth in paragraph 49 of the Amended Complaint as to the individual defendants, DJH and DJSH and admit the truth of the allegations set forth in paragraph 49 of the Amended Complaint as to DJS1.

50. Deny the truth of the allegations set forth in paragraph 50 of the Amended Complaint as to the individual defendants, DJH and DJSH and admit the truth of the allegations set forth in paragraph 50 of the Amended Complaint as to DJS1.

51. Deny the truth of the allegations set forth in paragraph 51 of the Amended Complaint as to the individual defendants, DJH and DJSH and admit the truth of the allegations set forth in paragraph 51 of the Amended Complaint as to DJS1.

52. Admit the truth of the allegations set forth in paragraph 52 of the Amended Complaint.

53. Deny the truth of the allegations set forth in paragraph 53 of the Amended Complaint, except admit that Plaintiff was paid on a bi-weekly basis by DJS1 and that his checks reflected payment for overtime hours at the rate of one and a half times the regular rate of pay.

54. Deny the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Deny the truth of the allegations set forth in paragraph 55 of the Amended Complaint, except admit that Plaintiff received a pay stub with each pay check.

56. Deny the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of paragraph 57 of the Amended Complaint. Deny the truth of the remaining allegations set forth in paragraph 57 of the Amended Complaint.

58. Deny the truth of the allegations set forth in paragraph 58 of the Amended Complaint.

59. Deny the truth of the allegations set forth in paragraph 59 of the Amended Complaint.

60. Deny the truth of the allegations set forth in paragraph 60 of the Amended Complaint.

61. Deny the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

62. Deny the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

63. Deny the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

64. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 64 of the Amended Complaint regarding any purported conversations between Plaintiffs Khalid and Patel and deny the truth of the balance of the allegations set forth in paragraph 64 of the Amended Complaint.

65. Deny the truth of the allegations set forth in paragraph 65 of the Amended Complaint.

66. Deny the truth of the allegations set forth in paragraph 66 of the Amended Complaint.

67. Deny having knowledge and information sufficient to form a belief about the truth of the allegations set forth in paragraph 67 of the Amended Complaint.

68. Deny having knowledge and information sufficient to form a belief about the truth of the allegations set forth in paragraph 68 of the Amended Complaint.

69. Deny the truth of the allegations set forth in paragraph 69 of the Amended Complaint, except admit that Plaintiff Saleh was employed by DJS1 and DJSH.

70. Deny the truth of the allegations set forth in paragraph 70 of the Amended Complaint, except admit that Plaintiff Saleh was employed by DJS1 and DJSH.

71. Deny the truth of the allegations set forth in paragraph 71 of the Amended Complaint, except admit that Plaintiff Saleh's weekly schedule fluctuated.

72. Deny the truth of the allegations set forth in paragraph 72 of the Amended Complaint.

73. Deny the truth of the allegations set forth in paragraph 73 of the Amended Complaint.

74. Deny the truth of the allegations set forth in paragraph 74 of the Amended Complaint, except admit that Plaintiff Saleh was paid by check on a bi-weekly basis.

75. Deny the truth of the allegations set forth in paragraph 75 of the Amended Complaint.

76. Deny the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

77. Deny having knowledge or information sufficient to form a belief about the truth

of the allegations set forth in paragraph 77 of the Amended Complaint.

78. Deny the truth of the allegations set forth in paragraph 78 of the Amended Complaint.

79. Deny the truth of the allegations set forth in paragraph 79 of the Amended Complaint.

80. Deny the truth of the allegations set forth in paragraph 80 of the Amended Complaint.

81. Deny the truth of the allegations set forth in paragraph 81 of the Amended Complaint.

82. Deny the truth of the allegations set forth in paragraph 82 of the Amended Complaint.

83. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 83 of the Amended Complaint that allege that Plaintiffs have spoken with other employees of the Defendants. Deny the truth of the remaining allegations set forth in paragraph 83 of the Amended Complaint.

84. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 84 of the Amended Complaint that allege that Plaintiffs have spoken with other employees of the Defendants. Deny the truth of the remaining allegations set forth in paragraph 84 of the Amended Complaint.

85. Deny the truth of the allegations set forth in paragraph 85 of the Amended Complaint.

86. Deny the truth of the allegations set forth in paragraph 86 of the Amended Complaint.

87. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 87 of the Amended Complaint that allege that Plaintiffs have spoken with employees of the individual defendants' other businesses. Deny the truth of the remaining allegations set forth in paragraph 87 of the Amended Complaint.

88. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 87 as if fully set forth herein.

89. Deny the truth of the allegations set forth in paragraph 89 of the Amended Complaint.

90. Deny the truth of the allegations set forth in paragraph 90 of the Amended Complaint.

91. Deny the truth of the allegations set forth in paragraph 91 of the Amended Complaint.

92. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 91 as if fully set forth herein.

93. Deny the truth of the allegations set forth in paragraph 93 of the Amended Complaint.

94. Deny the truth of the allegations set forth in paragraph 94 of the Amended Complaint.

95. Deny the truth of the allegations set forth in paragraph 95 of the Amended Complaint.

96. Deny the truth of the allegations set forth in paragraph 96 of the Amended Complaint.

97. Deny the truth of the allegations set forth in paragraph 97 of the Amended

Complaint.

98. Deny the truth of the allegations set forth in paragraph 98 of the Amended Complaint.

99. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 98 as if fully set forth herein.

100. Deny the truth of the allegations set forth in paragraph 100 of the Amended Complaint.

101. Deny the truth of the allegations set forth in paragraph 101 of the Amended Complaint.

102. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 101 as if fully set forth herein.

103. Deny the truth of the allegations set forth in paragraph 103 of the Amended Complaint.

104. Deny the truth of the allegations set forth in paragraph 104 of the Amended Complaint.

105. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 104 as if fully set forth herein.

106. Deny the truth of the allegations set forth in paragraph 106 of the Amended Complaint.

107. Deny the truth of the allegations set forth in paragraph 107 of the Amended Complaint.

108. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 107 as if fully set forth herein.

109. Deny the truth of the allegations set forth in paragraph 109 of the Amended Complaint.

110. Deny the truth of the allegations set forth in paragraph 110 of the Amended Complaint.

111. The Defendants repeat and re-allege each of the allegations set forth in paragraph 1 through 110 as if fully set forth herein.

112. Deny the truth of the allegations set forth in paragraph 112 of the Amended Complaint.

113. Deny the truth of the allegations set forth in paragraph 113 of the Amended Complaint.

114. Deny the truth of the allegations set forth in paragraph 114 of the Amended Complaint.

115. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 115 of the Amended Complaint.

116. Deny the truth of the allegations set forth in paragraph 116 of the Amended Complaint.

117. Deny the truth of the allegations set forth in paragraph 117 of the Amended Complaint.

118. Deny that Plaintiff is entitled to any of the relief as set forth in the "WHEREFORE" paragraph of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

119. The Amended Complaint is barred, in whole or in part, by Plaintiffs' failure to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

120. Plaintiffs' claims are barred, in whole or in part, by operation of the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

121. Plaintiffs' claims fail because the Court lacks subject matter jurisdiction over some or all of the claims asserted in the Amended Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

122. The Defendants have, at all times pertinent hereto, acted in the good faith belief that their conduct did not violate any applicable laws, rules, or regulations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

123. To the extent that Plaintiffs were not paid for time worked, the amount of uncompensated time was *de minimis* and, therefore, not compensable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

124. Plaintiffs' claims are limited, in whole or in part, by any and all applicable exceptions, offsets, exclusions or credits deemed permissible by the Fair Labor Standards Act or the New York Labor Law and their respective regulations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

125. Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged unpaid wages were the result of their own misrepresentations about the hours they worked, and upon which DJS1, DJH or DJSH relied.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

126.   Plaintiffs' claims are barred to the extent that they and/or any putative class members are not covered by the protections of the FLSA and/or the relevant provisions of New York law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

127.   Plaintiffs' claims are barred, in whole or in part, to the extent the Defendants lacked actual or constructive knowledge of the hours allegedly worked.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

128.   Plaintiffs' claims pursuant to New York Labor Law § 195 are barred because there is no private right of action for alleged violations of that statute.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

129.   Plaintiffs' claim for damages is barred, in whole or in part, by their failure to mitigate damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

130.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

131.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

132.   Any and all actions taken by any of the Defendants with regard to Plaintiff Patel's purported employment were taken for legitimate, non-retaliatory reasons.

WHEREFORE, Defendants DJ Shirley 1, Inc., DJ Holbrook, Inc., DJ Southold, Inc., Sanjay Jain and Neerja Jain respectfully demand judgment dismissing the Amended Complaint

in its entirety, together with the costs and disbursements of this action and for all other and further relief as the Court may deem just, equitable and proper.

Dated: Melville, New York
April 11, 2016

                                      Respectfully submitted,

                                      LAMB & BARNOSKY, LLP
                                      Attorneys for Defendants DJ Shirley 1 Inc. d/b/a
                                      Dunkin' Donuts, Sanjay Jain and Neerja Jain

By: _____
                                      Matthew J. Mehnert
                                      534 Broadhollow Road, Suite 210
                                      P.O. Box 9034
                                      Melville, New York 11747-9034
                                      (631) 414-5856

cc:        Brent E. Pelton, Esq.
            Pelton & Associates, P.C.
            Attorneys for Plaintiff
            111 Broadway, Suite 1503
            New York, New York 10006
            (212) 385-9700