# PELTON GRAHAM LLC

111 BROADWAY, SUITE 1503, NEW YORK, NEW YORK 10006
T 212.385.9700 ‖ F 212.385.0800 ‖ WWW.PELTONGRAHAM.COM

**BRENT E. PELTON, ESQ.**                                                                     JUNE 22, 2017
PELTON@PELTONGRAHAM.COM

<u>**VIA ECF**</u>

Honorable Gary R. Brown
United States Magistrate Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Sheraz Khalid, et al. v. DJ Shirley 1 Inc., et al.*
              <u>Civil Action No. 2:15 Civ. 5926 (LDW)(GRB)</u>

Dear Judge Brown:

      This firm represents the Plaintiffs in the above-referenced action. Permitting Defendants to produce important documents five (5) months after the close of discovery and two (2) months after the Plaintiffs' summary judgment and Rule 23 Class Action Motion have been fully submitted without permitting Plaintiffs to adequately inspect and conduct discovery as to such documents is severely prejudicial to the Plaintiffs. As such, we write to respectfully: (1) clarify the reasoning behind the parties' request for an extension of time to complete discovery with respect to Defendants' recently discovered employee hiring and pay rate sheets ("EHP Sheets"); (2) request that the Court entertain an *ex parte* declaration from Plaintiffs' forensic document examination expert Andrew Sulner, M.S., J.D. of Forensic Document Examinations, LLC regarding why additional time is necessary to inspect the EHP Sheets; and (3) if necessary, to request a conference before Your Honor to address this issue.

      The question of the authenticity of the EHP sheets is the crux of Plaintiffs' wage notice claim, which is a valuable (up to $5,000 per class member) class-wide claim. Moreover, whether these documents are forged, fraudulent, or created for the purpose of litigation weighs heavily on the issue of Defendants' credibility. This is especially important in light of Defendants' prior testimony that these documents did not exist as well as Plaintiffs' and Defendants' employee's declarations stating that they did not sign these documents, that they believe the signatures on these documents are forged, and that Defendants are continuing to obtain blank and undated EHP Sheets from current and former employees to this date. *See* Exhibit A.

      Plaintiffs are working diligently to conduct discovery as to the EHP Sheets within the time frame set forth by Your Honor: Plaintiffs have scheduled the deposition of former defense counsel, Matthew Mehnert for Monday, June 26, 2017, and have noticed the depositions of several of

Defendants' managers who allegedly signed the EHP Sheets. However, it is unlikely that we will be able to complete discovery as to the EHP Sheets within the time frame provided. After Your Honor's June 1, 2017 order granting Defendants' request to re-open discovery as to the EHP Sheets, Plaintiffs immediately sought to discuss discovery as to these documents with Defendants. Defendants were not available to discuss until June 5, 2017. On this telephone call and several times thereafter, Plaintiffs requested to inspect the original EHP Sheets on a class wide basis. Despite Defendants' allegations in their May 22, 2017 letter addressed to Judge Wexler that these documents were created in "the ordinary course of business" and either kept "in the employee's file or store elsewhere in the office," Defendants have only produced copies of EHP Sheets for a portion of the named and opt-in Plaintiffs, which Plaintiffs claim have been forged. Defense counsel acknowledged that his client was in the process of gathering EHP Sheets and stated that he did not believe his client should be penalized for "becoming compliant." Based on the allegations in the declarations of Alexander Torres, Harold Cordero, Aneta Soroka, Jessica Nemeth, Khai Anderson, Mohammed Saleh, and Sheraz Khalid, annexed hereto, Plaintiffs are concerned that Defendants are engaged in a broad effort to manufacture documents with either coerced or forged signatures. *See* Exhibit "A" ¶¶ 12-16 - Declaration of current Southold, New York store manager Alexander Torres, explaining being required to obtain declarations that appear to have been drafted by defense counsel Brian Shenker from current and former employees as well as signatures on blank EHP Sheets.

Plaintiffs are in the process of hiring a forensic document examination expert who will require significant time and effort to inspect the authenticity of the original EHP Sheets if and when they are produced. In order to avoid tampering, Plaintiffs' expert would be willing to provide an *ex parte* affidavit to Your Honor to explain his methodologies and why his inspection would require additional time to review the original EHP Sheets once they are produced.

This is the second request for an extension of discovery relating to the EHP Sheets. While Defendants do not join in the allegations set forth in this letter, they previously joined in our June 15, 2017 request for a sixty (60) to ninety (90) day extension of time for discovery related to the EHP Sheets. In the event that Defendants are able to utilize the EHP Sheets without Plaintiffs having sufficient examination, especially in light of the allegation of forgery, coercion, and their manufacture within the past two (2) months, Plaintiffs will be severely prejudiced. If the Court has further questions regarding the need for additional time to conduct discovery on the EHP Sheets, Plaintiffs respectfully request a conference with Your Honor to address this discovery issue.

Thank you for your attention to this matter. Please contact the undersigned at (212) 385-9700 should you wish to further discuss this submission.

Respectfully submitted,

*/s/ Brent E. Pelton*

Brent E. Pelton, Esq. of
PELTON GRAHAM LLC

cc: All Counsel (via ECF)