```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHERAZ KHALID, SURESH PATEL,
and MOHAMMED SALEH,

                        Plaintiffs,
                                                          REPORT &
                                                          RECOMMENDATION

         -against-                                        15-CV-5926 (SJF) (GRB)


DJ SHIRLEY I INC. d/b/a DUNKIN
DONUTS, SANJAY JAIN, NEERJA JAIN,
DJ HOLBROOK INC. d/b/a DUNKIN
DONUTS, and DJ SOUTHHOLD INC.
d/b/a DUNKIN DONUTS,

                        Defendants.
----------------------------------------------------------X
```

**GARY R. BROWN, United States Magistrate Judge:**

Pending before undersigned, on referral from the Honorable Sandra J. Feuerstein, is plaintiffs' motion to file a second amended complaint. DE 97 at 1. This action involves alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") that occurred when plaintiffs worked at several Dunkin Donuts locations in this district. *See generally*, Docket Entry # ("DE") 1. Plaintiffs move to add a retaliation claim against defendants, claiming that defendants filed baseless state court actions against plaintiffs "merely . . . for bringing and participating in the instant action." DE 97 at 2. Defendants oppose. DE 98. Because Plaintiffs' proposed second amended complaint fails to sufficiently allege that the subject state court actions are baseless, the undersigned respectfully recommends that the motion to amend be denied.

## STATEMENT OF FACTS

On October 14, 2015, plaintiff Sheraz Khalid filed this action, alleging that defendants DJ Shirley 1, Inc. d/b/a Dunkin Donuts ("DJ Shirley"), Sanjay Jain, and Neerja Jain failed to pay overtime wages as required under the FLSA and NYLL. *See* DE 97 at 1. Khalid also alleged that those defendants failed to pay spread-of-hours pay and failed to provide wage notices and wage statements in violation of the NYLL. *See* DE 97 at 1. DJ Shirley, Sanjay Jain, and Neerja Jain filed an answer on November 25, 2015. DE 12.

On February 17, 2016, plaintiffs Suresh Patel and Mohammed Saleh each filed a consent to proceed as a party in a collective action. DE 16, 17. On March 11, 2016, plaintiffs filed an amended complaint adding Patel and Saleh as named plaintiffs and adding as defendants DJ Holbrook, Inc. ("DJ Holbrook") and DJ Southold, Inc. ("DJ Southhold"). *See* DE 19. Patel also brought a claim for retaliation against all defendants for threatening and terminating his employment for his involvement in this action. *See id.* Defendants answered the amended complaint on April 11, 2016. DE 25. After a collective action was conditionally certified and notice sent out, 18 opt-in plaintiffs joined this action. DE 23 (granting motion to certify an FLSA collective action); DE 26–42 (opt-in plaintiffs consenting to a collective action). Discovery closed on December 5, 2016. Electronic Order dated Sept. 13, 2016.

While motions for class action certification and summary judgment were pending in this action, DJ Shirley and DJ Southhold filed state court actions against plaintiffs, and others, stating claims for, *inter alia*, breach of duty of loyalty, conversion, and conspiracy based on plaintiffs alleged misappropriation of payroll funds to others who did not work for DJ Shirley and DJ Southold. *See* DE 97, Ex. D, Ex. E. These cases were removed to the Eastern District of New York, but later remanded to state court. *See* 18-cv-2003, Order dated May 31, 2018; 18-cv-2065,

DE 12. Plaintiffs claim these state court actions contain false allegations and are "merely brought in retaliation against each of the plaintiffs for bringing and participating in this action." DE 97 at 2.

## DISCUSSION

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires' it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citation omitted). "Leave to amend may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* (citation omitted). Defendants argue that amendment would be futile, but do not oppose the motion on any other grounds. *See* DE 98 at 2–4. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dawson v. Pelican Mgmt., Inc.*, No. 11 CV 1753 (KAM) (LB), 2012 WL 2357308 at *2 (E.D.N.Y. June 1, 2012) (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

To establish a prima facie case of retaliation, a plaintiff must allege (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an adverse employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *See Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010). The parties agree that filing a baseless lawsuit, meaning an action without basis in law or fact, can constitute an adverse employment action. DE 97 at 3; DE 98 at 2; *see also Flores v. Mamma Lombardi's of Holbrook, Inc.*, 942 F. Supp. 2d 274, 278–79 (E.D.N.Y. 2013); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472–73 (E.D.N.Y. 2008). The parties disagree on whether the claims in the two state court actions are baseless.

As Defendants argue, in *Flores* and *Torres*, the Court had already dismissed an employer's counterclaim as baseless before allowing an employee's retaliation claim to proceed. *Flores*, 942 F. Supp. 2d at 277–79 (granting employee's motion to dismiss counterclaim and then granting employee's motion to amend to add a claim for retaliation); *Torres*, 628 F. Supp. 2d at 469–473 (granting employee's motion for summary judgment on employer's counterclaims and then granting employee's motion to amend to add a claim for retaliation). Conversely, in *Pawlowski v. Kitchen Expressions, Inc.*, Judge Ross denied an employee's motion to amend to add a claim for retaliation, after previously denying that employee's motion to dismiss the employer's counterclaim. *See* 17-cv-2943-ARR-VMS (cited at DE 98, Ex. A). Because the counterclaim survived a motion to dismiss, Judge Ross reasoned that the counterclaim was not baseless and, thus, could not constitute an adverse employment action against the employee. *Id.* 7–9.

Here, Plaintiffs have provided nothing other than the conclusion that the complaints in the state court actions "contain false allegations regarding the Plaintiffs and are merely brought in retaliation against each of the Plaintiffs for bringing and participating in the instant action." DE 97 at 2; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint [does not] suffice if it tenders 'naked assertions' devoid of 'further actual enhancement.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Plaintiffs have not alleged that the subject state court actions have been dismissed as baseless. Without the benefit of that determination, the Plaintiffs cannot allege, at this juncture, that the state court actions constitute an adverse employment action. As a result, the motion to amend is, at best, premature[1] and should be denied.

---

[1] This decision should not be read as expressing any opinion as to the merits of the pending state court action.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Plaintiff's motion to amend be denied.

## OBJECTIONS

A copy of this Report and Recommendation has been provided to the representatives of each of the parties. Any written objections must be filed with the Clerk of the Court within fourteen (14) days of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object)*; Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
      January 25, 2019

                                              /s/ Gary R. Brown
                                              GARY R. BROWN
                                              United States Magistrate Judge