F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 21 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHERAZ KHALID, SURESH PATEL, and
MOHAMMED SALEH,

                            Plaintiffs,

          - against-

DJ SHIRLEY 1 INC. d/b/a DUNKIN DONUTS,
SANJAY JAIN, NEERJA JAIN, DJ HOLBROOK INC.
d/b/a DUNKIN DONUTS and DJ SOUTHOLD INC.
d/b/a DUNKIN DONUTS,

                            Defendants.
----------------------------------------------------------------X

**ORDER**
15-CV-5926 (SJF)(GRB)

FEUERSTEIN, District Judge:

        Before the Court is a Report and Recommendation ("the Report") of the Honorable Gary R. Brown, United States Magistrate, dated January 25, 2019, Docket Entry ("DE") [122], recommending that Plaintiffs' motion to file a second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, DE [97], be denied. The Report further advises, *inter alia*, (a) that "[a]ny written objections must be filed with the Clerk of the Court within fourteen (14) days of this report;" and (b) that **"[f]ailure to file objections within fourteen (14) days will preclude further review of this report."** Report at p.5 (emphasis in original) (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72(b); *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Thomas v. Arn*, 474 U.S. 140, 145 (1985)).

        A copy of the Report was served upon counsel for all parties via ECF on January 25, 2019.[1] Despite such service, no objections have been filed, nor did any party seek an extension to do so. For the reasons set forth below, Magistrate Judge Brown's Report is adopted in its

---

[1] While a second "Entered" date of February 4, 2019 appears on the Docket Entry, the discrepancy is not relevant as more than fourteen days have passed since both dates.

entirety.

## I. DISCUSSION

### A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas,* 474 U.S. at 150. Indeed, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of N.Y., Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27. To accept the magistrate's report and recommendation absent a timely objection, the court need only be satisfied that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72(b); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x

374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**B. Review of the Report**

No party has filed objections to the Report within the time prescribed in 28 U.S.C. §636(b)(1)(C), nor has any party sought an extension of the deadline. As the parties were provided with adequate notice of the Report and an express warning of the consequences of a failure to timely file objections, their failure to interpose timely objections to the Report operates as a waiver of further judicial review. *See Caidor,* 517 F.3d at 602-03; *Mario,* 313 F.3d at 766. Thus, this Court is not obligated to conduct a *de novo* review of the findings and conclusions in the Report, but rather "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013). After a careful review of the Report, the Court finds no plain error in either the reasoning or the conclusions reached therein, and accordingly, adopts it in its entirety.

**II. CONCLUSION**

The Report is adopted in its entirety. Accordingly, Plaintiffs' motion to amend, DE [97], is denied.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: February 21, 2019
Central Islip, New York